(No. 14194.—Order affirmed.)

THE PEOPLE *ex rel.* Dean Fry, Appellant, *vs.* CHARLES H. GRAHAM *et al.* Appellees.

*Opinion filed April 19, 1922—Rehearing denied June 13, 1922.*

1. SCHOOLS—*when alteration in petition does not affect validity of organization of school district.* An alteration in the description of the territory in a petition for the organization of a community consolidated school district is properly held insufficient to authorize granting leave to file an information in *quo warranto* where the evidence conclusively shows that the alteration was made at the time the petition was prepared and that no change was made in the petition after it was signed.

2. Other questions in this case are controlled by the decision in *People* v. *Graham,* 301 Ill. 446.

APPEAL from the Circuit Court of Hancock county; the Hon. WILLIS F. GRAHAM, Judge, presiding.

LEE SIEBENBORN, State's Attorney, (HARTZELL, CAVA-
NAGH, MARTIN & HARTZELL, and SCOFIELD, CALIFF &
BELL, of counsel,) for appellant.

O'HARRAS, WOOD & WALKER, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant presented to the circuit court of Hancock
county his petition and motion for leave to file an infor-
mation in *quo warranto* against appellees, requiring them
to show by what warrant they claimed to hold and exer-
cise the offices of president and members of the board of
education of pretended Community Consolidated School
District No. 305 in Hancock county. The district was
organized under the act approved June 24, 1919, and em-
braced the territory formerly in school districts 222, 223,
224 and 225. A petition was presented to the county super-
intendent of schools for the organization of the district.
An election was ordered by him, at which a majority of
the votes were for organization of the district, and at an
election ordered and held afterwards appellees were elected
members of the board of education. The petition for leave
to file the information alleged the act under which the
district was organized is unconstitutional; that the elec-
tions were not conducted in accordance with the provisions
of the Australian Ballot law and were void, and that the
district was not compact and contiguous. By an amend-
ment to the petition for leave to file the information it
was alleged the petition for organization of the district was
altered in a material part without the consent or acquies-
cence of the signers, after it had been circulated and signed.
The alteration alleged was a change in the description of
one tract of land. Affidavits in opposition to the motion
for leave to file the information were filed on behalf of ap-
pellees, and the court denied leave to file the information.
This appeal is prosecuted from that order.

All the material questions in this case were raised in *People* v. *Graham,* 301 Ill. 446, except as to the alleged alteration of the petition for organization of the district. That case was an appeal from an order denying leave to file an information challenging the validity of the organization of Community Consolidated School District No. 306 in Hancock county and the title of those persons acting as members of the board of education to the office, and all questions raised in this case, except the one referred to, were decided in that case contrary to the contention of appellant, and that decision must control here.

On the question of the alteration of the petition for organization of the district, it is alleged the petition shows on its face that the description "west half of the southwest quarter of section 31," which is not a part of the territory comprising the district, was altered to read "west ninety acres of the southeast quarter of section 31," which is in the district. Appellees filed affidavits,—one by the attorney who prepared the petition and one by the man who had it prepared and who circulated it and secured the signatures to it,—stating positively that the alteration was made at the time it was prepared and before it was signed by anyone. Those and other affidavits on the question as to when the alteration was made show conclusively that no change was made in the petition after it was signed, and justified the court in refusing leave to file the information on that ground.

All other grounds relied on by appellant were decided contrary to his contention in *People* v. *Graham, supra.*

The order of the court in denying leave is affirmed.

*Order affirmed.*